so we'll move if it's okay with Bob Brothers we're going to just move to the last case today good um Crews v. Tashin Industrial okay um Mr. Sutton yes thank you your honor represent Mr. Crews of course who uh purchased this two-person ladder stand uh for the purposes of hunting with a weight limit of 500 pounds which collapsed the first time two people got on it the district court ruled uh in part that the summary uh the defendants had met their burden for summary judgment because no party in the case contends that the product was destroyed uh did not go through the let me tell you where i'm coming from okay definitely i think that um the district court may have improperly weighed um something or failed to consider your client's testimony that he bought this product uh in 2015 and that that would mean of course that it wasn't subject to prolonged exposure uh okay and so perhaps these um ratchet straps um were defective uh and i think there may be uh an issue about that um but but i got to tell you um there are things about this case that troubled me was that tree stand painted between the initial photographs and the photographs taken by the defense expert because it sure looks like it yes for the uh Mr. Crews says he did not paint it and i had three boys now if it was it had nothing to do with the cause of action because it was not altered and their experts admit that there was nothing about the painting that uh you're not saying that sir you're not saying that it wasn't you're just saying that you're that that your client didn't do it yes sir if it was my client didn't do it and it had nothing to do with the structural integrity of this stand because it was after the fact it didn't hide anything that nobody argues the experts don't but they couldn't form their opinions or anything like that so i i agree with um the reservations that judge prior has enunciated so far um i also have some concerns about uh the decision that because the stand wasn't destroyed uh you could not rely upon circumstantial evidence but i i still am concerned with the fact that it seems to be undisputed that your client did not properly install the stand using maybe one or maybe two of the five straps your honor i understand that's an argument of the uh uh defendants and the experts say that the instruction booklet is in uh the record now there's it shows five straps doesn't it well if you look on the front of the instruction booklet your honor first off that's uh let me see if i can get the doc uh believe 42-7 that's supposed to show the stand as erected it does not show two straps at the top the instructions nowhere say that two ratchet straps are to be wrapped around the tree the instructions or warnings there's no warnings that say the weight limit is dependent upon any straps in fact the instructions only say that a stabilizer bar which was at the bottom and understand that the stable purpose of the stabilizer bar according to the testimony and the instructions and the ratchet straps are only to prevent the uh stand from sliding side to side and therefore throwing you off there's no evidence in this case that that's what i'm not sure that's inaccurate i i think that if you look at further into it it shows the three straps and then it says that afterwards you need to attach the two that go around the the seat well they claim they argue that a second racket strap should be up there but there's no conclusive evidence that that had anything to do with the weight limit but when you look isn't that a problem that you have under the mass biosurgery case that i don't think so your honor there's if they claim that he did not follow instructions of course they've got to warn of danger of specific dangers not following the instructions in this case there's nowhere that they say that the straps had anything to do with the weight limit in fact their experts testified if you look at the last page of mr saunders's deposition and we went back and forth about his theory which i think is credibility and that he had some pretty significant contradictions but he finally ended up saying no i this without any straps this stand would not collapse unless the weight was at least 300 pounds his colleague expert mr smith said it was 700 pounds because that has nothing to do with the weight limit and that is a fact that the jury is certain they mean they argue that they are getting something of risk but there's nothing first that shows that this conclusively that these straps had anything to do with the weight limit if he should have had more straps up there if they said and we contest that that we claim that that's a jury to have to determine if there should have been a second racket strap up there but they also have determined that that is what caused as a sole proximate cause this stand to fall and uh what uh the evidence does not conclusively show that had it was dependent upon the straps that the weight limit they only had a weight limit of 500 pounds with no caveats anywhere now well if the defect if you're your theory is dependent on the ratchet straps being defective well it's it's not totally dependent upon that uh your honor the first first thing that it is is this uh the inference and i know judge uh brown is familiar with it in the o'shea case is that if the product failed failed like the penal implant or the seat belts and it's a product that can is within the common experience of the jewelers that within itself is enough to survive some rejuvenation but that was in that case there was evidence as to how it was intended to perform and my concern is why i bring up the mast case is because in that case they say that that without an expert it's hard to know how that product was intended to perform maybe it was inserted wrong maybe it should not have been used in this person maybe it should not have been used in this area of the person yes my suggestion to you is that if there is a problem uh with the straps being used that that seems to me to be an impediment as to how it would perform unless what you say is that there is deposition testimony that says this is how it should have performed anyways and that would take it within the the case you saw and that's our second argument judge first we say that the uh williams versus american and that's the case that's cited a lot uh american medical system the penile implant case is applicable in this case because this is described by the defendants and the experts as a simple and complicated product that a 13 year old can use it's within the common experience of a juror we contend uh to know how this should operate and whether or not the fact that it failed the first time two people got on there but really what you have to prove is that it would be obvious as to how it would operate with only the straps that were used yes that's my concern yes and then the second there is expert testimony we do not have to hire an expert and get expert from our own testimony from our own expert we relied in this case first on that inference because it is a common object but second we took the depositions of their experts who in detail we went over instructions how this is supposed to operate what effect the straps had the instruction booklet is in there and the 30b6 testimony of the tolson's representative is in there as well as testimony from mr cruz who is very familiar with ladder stands there is evidence aside from the inference that we talked about in the williams versus american medical case from which a jury can determine how this product is supposed to operate uh tana let me ask you let me ask you a question please yes sir your as i understand that your breach of warranty claim is based on a theory that the weight limit was represented to be 500 pounds and the tree stand collapsed at a weight of under 300 pounds right that's the general for the breach of warranty claim yes sir does that overlap with or is it part of the product's liability claim about how the tree stand malfunctioned well i think there may be some overlap but we think that's a separate issue with consumers go into a store especially hunting stand and unfortunately with uh some people being overweight in this day and time the weight limit is one of the things they look at and that's a weight limit of 300 doesn't say 300 pounds on the box that's for one person but 500 pounds with no caveats that's the primary thing mr cruz if it had said 500 pounds but that's just conditional on a lot of things especially condition of straps and you need to look at through a microscopic lens to determine if there's brittle straps there the normal consumer would not buy that okay now on on your product on your product's liability claim for the manufacturing side as i understand it you have three aspects to it and i want you to tell me if they're right or if there's something i'm missing yes sir your claim is based on defective number one the thickness of the metal used for the stand number two and the metal sleeve not covering the crimp as number three is there anything else the inference that arises from failure of a product uh when it is a product within the common understanding where you do not have to identify a specific defect there's no requirement under georgia law that a specific defect be identified and under we say under the williams versus american medical systems case and going back to the firestone rubber versus teen case if it is a product and that's the first issue that has to be analyzed is if there's a product this product is when is one that within the common experience of george can be understood as to whether or not it operate it as it should have operated by and looking at its failure and that's what happened to penal implant case on the williams case the penal implant failed although there was testimony from the treating physician that said it could have failed because of infection from the incision but the court ruled that it is a product that should not have failed a jury would know that penal implants should not fail after just a month of use of course in our case this product failed the first time it was used with two people on it now the defense is you know they're entitled to say well he uh he should have used straps but they have to show that he knew of that specific danger not of some general danger of a judge jordan is has your question been answered yes um mr sight and you've saved three minutes uh let's hear from mr carver's yes sir uh good morning may it please the court milton carver's on behalf of the defendant first i'd like to kind of explain this product to begin with um this is a two-man ladder stand that is intended to use for elevated hunting the ladder stand is not a self-sustaining self-stabilized product it has to be leaned against the tree and in order to lean against the tree it has to be secured to the tree and the instructions are very clear there are five straps that are necessary to properly secure this to the tree but at least at least one of illustrations only shows two of the straps that is the install it that's the front cover but if you look at the instructions the installation page i believe it's on pages 12 and 13 of uh docket 42-7 it does explain where the five straps go and what order to place them and how to install those and there's also warnings on those pages that specifically indicate installation straps and stabilizer bar must be secured prior to climbing the tree stand it's uncontested that at a minimum he did not use three of the five and the investigation revealed can we infer that it wouldn't have made a difference if the two that were used if there's a genuine issue about them being defective because they were brittle well there's only one strap that was ever recovered and the physical evidence from the photographs after the accident only show one strap so there's plenty of testimony saying he used two but there was never a a second strap i don't think that answered my question i'm sorry so the problem here one problem i have here is that um he said the buyer said that he bought he purchased this this stand in the year before the district court basically ignored that and and and inferred that this these straps had been subject to years of exposure to prolonged exposure uh which would be counter to his description of when he purchased uh the stand uh and and it's it seems to me might create a because they were uh brittle uh and if that's true for the two straps that were used is there reasonable inference that it would have been true for all of them well first of all your honor again there's only one strap that was recovered and the photographs post-accident only show one strap on the stand so the physical evidence indicates he used one of the straps and the five straps are arguably only using 20 of the old holding power of the stand itself so the plaintiff didn't use four to five that's significantly reducing and putting a lot of extra stress on the one strap the only evidence is there evidence that that would make a difference what you've just said sounds sensible to me but is there evidence in the case that it actually would make a difference uh no technical no testing uh documentation regarding that but that once again this common sense um it one thing to talk about the straps too the only evidence we have in this case particularly from experts is that the strap that issue was significantly deteriorated um and the the evidence also of the tree stand itself it was it was a 2009 manufactured tree stand this is a seasonal item it is shipped to walmart and sold that same year there's no layaway at the factory there's what you're getting to is something that i think everybody has identified as a clear factual issue whether he left it outside for a long period of time uh when he bought it he has said otherwise that that is not something that i think is an only testimony that was used for one year 24 times approximately a year before no issues he testified that he bought it in 2015 correct and he said he used it about about two dozen times in 2015 and then in 2016 when the accident occurred but if you look at once again the the repainting of the tree stand the tree stand based on the only experts in this case that have 60 years of experience investigating these type of cases the the condition of the tree stand itself show extreme long-term exposure to the elements the the repayment we just ignore his testimony about when he bought it because your experts say something different well i think the experts are relying on the physical evidence and the physical evidence arguably doesn't doesn't generally lie well that may be that sounds like a great jury yard well that's getting to the point is that the evidence shows that this product once it's been repainted also that the product was actually bent back after the accident somebody whoever painted also bent the uh the ladder rails back into position so but all was there any was there any discussion by the experts or by anyone else about what sort of wear and tear would result from using it for one year and leaving it out in the elements yes who was i believe both my experts mr saunders and mr smith both testified that once again they're combined six years of experience that when you examine these tree stand after one year of use you're not going to see that deterioration of the straps you're not going to see the extent of rusting that you observe on the actual frame of the tree stand itself even though some portions were repainted there were vines growing into the platform of the tree stand which does not occur in one single season the point of testified that he put it up for a couple months took it down and then put it back up in 2016 there's tree vine tree growth growing into the actual frame of the tree stand which shows significant long-term exposure on a tree so as far as what you have you have the plaintiff's testimony which is basically that's all it is no no receipt no anything and you've got the testimony from the court representative indicating that these stands are seasonal they're sold the year they're made feel like your case is getting weaker as you continue to argue facts i'm i'm not i'm not sure that you're answering sort of the some of the base questions which is has the plaintiff raised an issue as to how it should have performed he says that he did by the cross-examination or the deposition of one of your people that says essentially that using one strap doesn't matter but you seem to be ignoring that and talking about how much you disbelieve his testimony i believe that the testimony is that using all the straps are absolutely necessary to properly utilize this product using one of the five straps is not going to properly secure this to the tree that's going to place all the load on that one strap which was not intended by the design my experts never testified that this thing is self-sufficient self-standing their testimony was that in prior testing if you have for instance three to five straps on there it can withstand up to 700 pounds but when you have only down to one strap that's when you have the problem and that's the approximate cause of the accident which i believe there's no other contrary evidence for many experts that would indicate otherwise so the the point of alleged defect here is the straps claims were defective but he has no he's not submitted any evidence of a defect to the straps what was defective about those my experts have only opined that there were significantly deteriorated but there's no causation about what this one strap did it was intended to have five straps and there's only one that was on it at the time of the accident there are other theories about the thickness of the steel being too thin they don't have any evidence to support the claim that measurements were taken from the point of unknown locations there's nothing connecting any alleged measurements not consistent with engineering drawings as a causal relationship of why this ladder stand bent the ladders the safety sleeves that are also brought up as a potential defect there's no evidence to support that the ladder sleeves anything to do with this accident in fact the ladder sleeves around there and the ladder stand bent remotely from those uh ladder sleeves so the point does not present any evidence to support okay what what was the was there a consensus of opinion from your experts as to why the tree stand failed yes yes was it just uh the lack of the use of straps or was there some other cause according to your side of the case our side of the case is very simple the the extra load on that one strap and the deteriorated condition of that strap once that strap broke there's nothing securing the ladder stand to the tree you've got approximately 250 pounds 300 pounds at the top of this ladder stand once it loses its connection to the tree it's not self-supporting and it can collapse and that's why the instructions repeatedly inform the users to make sure all those straps were connected before climbing up and utilizing the product what about the metal sleeve uh the appellant raises an issue that the metal sleeve is supposed to cover the crimp and claims that the photo shows that it does not do you agree with that i disagree the the ladder sleeves basically these uh ladder stands come in three sections and you put you slide them together and the ladder i don't want to i don't want to waste your time i understand that i read the deposition testimony as to the purpose my question is simply do you agree as to the appellant's interpretation of the of the document the photo at 45 10 he says that document shows that the sleeve was too short to cover the full area it was supposed to cover i disagree with that or not i disagree and so do our experts too the ladder sleeve does cover the crimp area it bent down away from the crimp area by the blade below the crimp the ladder sleeve itself so it did not bend the crimp area bent near the crimp or not in the crimp area the ladder sleeve covers that area that's clearly showing that in the foreground thank you so i'm not trying to talk too much factual about any disagreements about factual but speaking once again the plaintiff has the burden to establish a defect particularly that he's got three alleged manufacturing defects but he's got no admissible evidence to show how this was defective and more importantly even if there was established a defect or some type of very uh variance from the manufacturing intended uh uh specification there's nothing to prove that those items cause this accident to occur uh the the evidence from the plaintiff is basically only evidence they have is the is the point of counsel's arguments there's no admissible evidence to establish yes this is defective and thus thus this caused the accident on the contrary our experts have opined and indicated that this action occurred because the plaintiff did not properly install the ladder stand using one of five of the straps and and when it deteriorated it broke and then once that occurred there's nothing else holding to the wrong in concluding that because it was not destroyed uh the plant the appellant couldn't use circumstantial evidence to raise an inference of a defect i think that's partially right your honor i believe that the law case law also says it is an uncomplicated product or uncomplicated defect here your your honor we've got we've got polypropylene straps that have separated we've got q 195 steel that has bent and we have to know the biomechanics behind why that occurred that's not simply for a juror to understand that's why you hire mechanical engineers and experts to address well what happened here the polypropylene broke straps why because of long-term exposure why did the steel bend the steel bent because it was overloaded in a condition because it wasn't properly secured the tree with five straps so those are things i believe your honor that it's beyond a jury to understand the mechanics of specifically why these various products bent are broke and that is once again why you need experts which plaintiff for whatever reason this case did not retain so i don't believe once again your honor that the the plaintiff has met their burden by establishing number one any evidence to show how this product was defect effective and particularly any of those three um those three counts about the thickness of the steel the safety sleeves or the uh the strap material itself and briefly talking about the breach of warranty it is true there's a 500 pound two-person limit to this product however it also requires the user to properly utilize and secure the product if it requires five straps you only use one strap that's deteriorated and that breaks it's not going to withstand 500 pounds so i think part of breach implied warranty is if the products used properly yes it will not fail at 500 pounds but if the product is not properly utilized the various components aren't utilized it it can and it will fail and i believe plaintiff testified that he received all the parts he received read the instructions had no confusion about it and he simply chose not to use those various components which the instructions once again repeatedly inform the user you have to use or a serious injury or death can occur and what's a manufacturer to do when you sell a product that has five straps that are used to secure it the instructions tell you you must use it and warn you to use it and that and the end user only uses one of those straps uh how is the manufacturer make it more clear about how this product has to be safely used and so that's why the accident occurred the plaintiff's various theories of why he thinks defective that's all there are theories but they're not backed by any admissible evidence by their experts or any other physical evidence to show that that's what happened this alleged defect is what caused this accident my experts have shown you what caused this accident and briefly to once again reading about this instruction of the evidence type thing i do believe that that's one of the things that allow us the inference not to occur but also if it's a uncomplicated product which this is once again it's a complicated product it's not simple so it is beyond a jury to understand how this occurred but without expert opinions or evidence hey um mr carver's thank you um mr sutton you've saved three minutes mr sutton you are muted you i'm sorry can you hear me now yes yes sir thank you it's important that mr saunders's testimony on mr smith's testimony that the ladder stand will not collapse unless they're according to mr saunders more than 300 pounds of weight on it or according to mr smith more than 700 to 1200 pounds with absolutely no straps attached the mr saunders opined that the root cause of this collapse and fall was separation of that ratchet strap at the top of the stand because of brittle fibers that were only could be seen by a microscopic lens he testified that just prior to collapse the stand was stable and secure with just one strap the tree and the ground was supporting the weight of the ladder and then he said when the ratchet strap broke that that's what caused a series of event now we take issues with his analysis on that and we think a jury can accept parts of their testimony and reject other parts he did no they did no testing and there's no evidence that this strap which they say is supposed to have uv inhibitors on it mr saunders and smith did not test it because they were afraid they said it might be turn out bad for their clients now mr cruz was questioning about the rust on it and it was out in the weather for the fall of 2015 and it was a thin paint on it and there's no testimony that conclusively showing that this is not normal rusting for south georgia and humidity of the weather especially when it had laid on the ground after the after the accident we do want to point out that with regard to the inference that arises from the williams versus american case that the inference that has been established by the georgia cases in this regard is significant and the products liability cases in georgia and with the public policy of georgia that the cost of these defects should be spread out through society the defendants would love to have it a battle of the experts all the time because it is very expensive as i've conceded by the testimony of mr saunders and smith as to what they charge unless you have a catastrophic injury or death and you're caught in the middle where you have a serious injury being able to depend on the efforts by williams versus american medical system is very significant for a consumer and victim to be able to pursue a product's liability claim and we would certainly appreciate the court reversing the summary judgment granted these are issues for the jury thank you thank you mr sutton uh we have your case uh we'll be in recess until tomorrow